UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

**PRIVATE ATTORNEY GEN DUANE M PETTY,**

                             **Plaintiff,**

    vs.                                            6:22-CV-00620 (MAD/ML)

**VINCENT J BONO, HERKIMER COUNTY LEGISLATOR, and DISTRICT 11 CHAIRMAN,**

                             **Defendants.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

DUANE M PETTY
79 N. 3rd Ave
Ilion, New York 13357
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On June 10, 2022, *pro se* Plaintiff Duane M Petty[1] filed a complaint asserting that several Herkimer County public officials violated or failed to enforce various federal and state laws. *See* Dkt. No. 1. Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 2, and a letter requesting an injunction with respect to "Personal Tangible Properties" that the "county officials listed have seized," *see* Dkt. No. 3. Plaintiff submitted an amended complaint on June 27, 2022, naming Defendants Vincent J Bono, "Herkimer County Legislator," and "District 11 Chairman," but failing to explicitly set forth any cause of action. Dkt. No. 6 at 1.

---

[1] Although both the complaint and amended complaint describe Plaintiff as a "Private Attorney General," he does not, in fact, appear to be either an attorney or an attorney general. *See* Dkt. Nos. 1, 6.

However, the amended complaint did cite a number of federal and state statutes, including: New York Real Property Tax Law §§ 300 and 304; New York Penal Law § 496.05; and 18 U.S.C. §§ 241, 371, 1964, and 2332b.  *See id.* at 1-3.

On July 28, 2022, Magistrate Judge Lovric issued a Report-Recommendation and Order granting Plaintiff's IFP application and recommending that (1) the complaint be dismissed with leave to replead to the extent that it asserts a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Defendants in their individual capacities and any state law claims; (2) the complaint be dismissed without leave to replead to the extent that it asserts a RICO claim against Defendants in their official capacities and claims pursuant to 18 U.S.C. §§ 241, 371, 2332b or New York Penal Law § 496.05; and (3) Plaintiff's request for an injunction be denied.  *See* Dkt. No. 7.  Plaintiff filed a response to the Report-Recommendation and Order, but it does not contain any objections.  *See* Dkt. No. 8.[2]

When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the district court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than

---

[2] Instead, the response requests that Defendant Bono make a number of specific "admissions."  Dkt. No. 8 at 1.

that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

    The Court does not discern any clear error in the Report-Recommendation and Order.  Magistrate Judge Lovric correctly concluded that Plaintiff's RICO claims must be dismissed because (1) Plaintiff failed to timely file a RICO statement pursuant to Local Rule 9.2, *see* N.D.N.Y. L.R. 9.2; *see also Poole v. Bendixen*, No. 20-CV-0697, 2021 WL 3737780, *12 (N.D.N.Y. Aug. 24, 2021); *Murphy v. Onondaga Cnty.*, No. 5:18-CV-1218, 2022 WL 819281, *6 (N.D.N.Y. Mar. 18, 2022); and (2) the amended complaint fails to allege any conduct by Defendants plausibly establishing either the existence "of an enterprise" or the "two or more predicate acts of racketeering" required to demonstrate a pattern of racketeering activity, *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013).[3,4]  The Court also

---

[3] The original complaint appears to claim that Herkimer County public officials worked in concert to falsify property deeds to extort money from property owners.  *See* Dkt. No. 1 at 3-4.  These claims have been omitted from the amended complaint, but, even were the Court to consider them, they are not supported by any comprehensible factual allegations and fail to state a plausible RICO claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (quotation omitted).

[4] The Report-Recommendation and Order also recommended dismissing the RICO cause of action insofar as it was asserted against the Defendants in their official capacities, on the ground that "a municipality cannot form the requisite criminal intent to establish a predicate act." Dkt. No. 7 at 6 (citing *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 389 (E.D.N.Y. 2013); *Liang v. City of New York*, No. 10-CV-3089, 2013 WL 5366394, *12 (E.D.N.Y. Sept. 24, 2013)).  However, the Second Circuit has recently held that, "[a]t least as to suits for prospective, injunctive relief, [this] reasoning is not persuasive ... particularly given that private corporations

agrees that—to the extent Plaintiff alleges claims pursuant to 18 U.S.C. §§ 241, 371, 2332b and New York Penal Law § 496.05—those claims must be dismissed because there is no private right of action to enforce either state or federal criminal statutes, unless the statute specifically authorizes it. *See Storm-Eggink v. Gottfried*, 409 Fed. Appx. 426, 427 (2d Cir. 2011). Having found that all of Plaintiff's federal claims are subject to dismissal, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Furthermore, because Plaintiff's amended complaint is being dismissed in its entirety, Plaintiff's motion for injunctive relief is denied.

Finally, the Court agrees with Magistrate Judge Lovric that Plaintiff should be granted an opportunity to replead the RICO claim and any civil state law claims in light of his *pro se* status. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("'Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim'") (quotation omitted). Plaintiff's claims under federal and state criminal law are dismissed without leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it").

Accordingly, after carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation and Order (Dkt. No. 7) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

---

are routinely held liable for damages under RICO." *Gingras v. Think Fin., Inc.*, 922 F.3d 112, 124–25 (2d Cir. 2019). Although the amended complaint is not a model of clarity, Plaintiff appears to be seeking injunctive relief, at least in part. Accordingly, the Court declines to dismiss Plaintiff's RICO claims on this ground.

**ORDERS** that the amended complaint (Dkt. No. 6) is **DISMISSED with leave to amend** to the extent that it asserts a RICO claim and any civil state law claims; and the Court further

**ORDERS** that the amended complaint (Dkt. No. 6) is otherwise **DISMISSED without leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file a second amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order of this Court; and the Court further

**ORDERS** that Plaintiff's motion for an injunction (Dkt. No. 3) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.[5]

**IT IS SO ORDERED.**

Dated: December 14, 2022
Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge

---

[5] To the extent that Plaintiff's August 11, 2022 letter—entitled "REQUEST FOR ADMISSIONS as objection UNDER DIVISION RULE"—can be construed as some sort of motion, it is denied as moot.